Kevin N. Starkey, Esquire (ID No.: 032981990)
Starkey, Kelly, Kenneally, Cunningham & Turnbach
Two Hooper Avenue
Toms River, NJ 08753
Telephone: 732.701.3500
Facsimile: 732.240.3777
Email: KStarkey@Starkeykelly.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS O'BRIEN and CAITLIN O'BRIEN, | CIVIL ACTION<br><br>No: _____ |
| Plaintiffs, | |
| v. | COMPLAINT |
| PRUDENTIAL INSURANCE COMPANY OF AMERICA, | |
| Defendant. | |

## INTRODUCTION

1. This Complaint seeks benefits under a group life insurance policy that have been wrongfully denied by Defendant. Plaintiffs are the beneficiaries under the terms of the policy. The claims herein arise under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. 1132.

## JURISDICTION

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1331 because this matter asserts claims under ERISA, and accordingly arises under the laws of the United States.

## PARTIES

3. Plaintiffs THOMAS O'BRIEN and CAITLIN O'BRIEN, brother and sister, are the adult children of Marybeth O'Brien, the decedent. Plaintiffs are the sole beneficiaries under the group life insurance policy that insured their mother, Marybeth O'Brien. They are residents of Jackson, New Jersey.

4. Defendant PRUDENTIAL INSURANCE COMPANY OF AMERICA (hereinafter "Defendant" or "Prudential") is a corporation with a principal place of business in Philadelphia, Pennsylvania.

## FACTUAL BACKGROUND

5. Marybeth O'Brien was employed by Prudential beginning in June 1989. Her employment continued with Prudential until November 29, 2013, when her employment position was eliminated.

6. In January 2001, Prudential, as insurer, had issued a Group Universal Life Insurance policy, bearing Group Policy No. 1690 (the "Group Policy"), to Prudential, as insured, to provide life insurance benefits to Prudential employees.

7. The Group Policy is an employee benefit plan regulated by ERISA.

8. Marybeth O'Brien was issued a Certificate that entitled her to life insurance coverage under the Group Policy as an employee of Prudential.

9. During the period of Ms. O'Brien's employment by Prudential, the premium amounts for her coverage under the Group Policy were paid through automatic payroll deductions.

10. Upon her termination of employment, Ms. O'Brien elected to continue, or port, her coverage under the Group Policy.

11. On June 6, 2016, Ms. O'Brien's coverage under the Group Policy lapsed due to non-payment of the quarterly premium payment due in April 2016.

12. By letter to Ms. O'Brien dated June 7, 2016, Prudential offered to reinstate the life insurance coverage under the Group Policy upon Ms. O'Brien's completion of a Short Form Health Statement.

13. Ms. O'Brien completed the Short Form Health Statement on June 17, 2016 and returned it to Prudential.

14. Ms. O'Brien's life insurance coverage under the Group Policy was reinstated by Prudential on July 11, 2016.

15. Ms. O'Brien passed away suddenly on August 17, 2016.

16. At the time of her death, the Group Policy reflected life insurance coverage for Ms. O'Brien in the amount of $480,000.

17. Ms. O'Brien's two adult children, Plaintiffs Thomas O'Brien and Caitlin O'Brien, are the sole beneficiaries of the life insurance policy.

18. In November 2016, Plaintiffs submitted a claim to Prudential for life insurance benefits under the Group Policy.

19. In April 2017, Prudential denied life insurance benefits under the Group Policy, allegedly based on one of Ms. O'Brien's responses on the Short Form Health Statement submitted for reinstatement of the Group Policy in June 2016.

20. Prudential alleged that Ms. O'Brien had made a material misrepresentation concerning her health, based on her negative response to a question on the Short Form Health

Statement, which asked: "In the last five years have you been diagnosed with, treated for, had any symptoms of, or been in a hospital or other facility for any of the following? * * * Alcoholism."

21. Prudential alleged that Ms. O'Brien had been diagnosed with and treated for alcoholism in September 2011, approximately four years and nine months prior to her completion of the Short Form Health Statement in June 2016.

22. Based on the alleged misrepresentation in the Short Form Health Statement, Prudential denied benefits to Plaintiffs under the Group Policy.

23. Prudential denied the Plaintiffs' timely appeal of the denial of benefits.

24. Plaintiffs have exhausted their administrative remedies.

## FIRST CLAIM FOR RELIEF
(Claim for Benefits Pursuant to 29 U.S.C. §1132(a)(1))

25. Plaintiffs reallege and reassert all of the prior allegations as if fully set forth herein.

26. Plaintiffs are participants or beneficiaries of a plan for benefits within the meaning of 29 U.S.C. §1132(A)(1).

27. Defendant Prudential has wrongfully denied Plaintiffs benefits under the Group Policy.

28. Marybeth O'Brien did not make any material misrepresentations on the Short Form Health Statement.

29. Her statement on the Short Form Health Statement regarding "alcoholism" was not a material misrepresentation for several reasons, including but not limited to:

  a. She was in her fifth year of abstinence from alcohol so her response was accurate and correct;

  b. She was never diagnosed with or treated for a disease of "alcoholism";

  c. Prudential was aware of her alcohol-related issues because she had been treated between September 2011 through February 2012 by medical professionals employed by Prudential, through its Employee Assistance Program (EAP), which treatment was fully disclosed to Prudential at the time;

  d. She had a subjective belief that her responses to the medical questions were correct and accurate.

  30. Plaintiffs are entitled to the benefits of the Group Policy issued to Marybeth O'Brien.

  WHEREFORE, Plaintiffs demand payment of all benefits due under the Group Policy, along with prejudgment interest, costs and attorneys' fees, and any other relief deemed appropriate.

## SECOND CLAIM FOR RELIEF
(Claim for Equitable Relief Pursuant to 29 U.S.C. §1132(a)(3))

  31. Plaintiffs reallege and reassert all of the prior allegations as if fully set forth herein.

  32. ERISA authorizes a civil action by a participant, beneficiary or fiduciary for equitable relief to redress any act or practice that violates the terms of a plan, the provisions of ERISA, or to enforce any terms of the plan, or provisions of ERISA.

  33. By refusing to pay the benefits at issue herein, Defendant Prudential has violated the terms of the Group Policy and the provisions of ERISA by its acts, including but not limited

to: violating the terms of the Group Policy; applying an incontestability clause in the Group Policy that provides a 2-year contestability period rather than a second incontestability clause that limits a contest to non-payment of premiums; interpreting the incontestability clause after reinstatement to run anew from the date of reinstatement when no statutory authorization exists for such an interpretation; and improperly denying benefits based on vague medical questions in which the responses are not material misrepresentations.

WHEREFORE, Plaintiffs demand an award of appropriate equitable relief, including a surcharge against Defendant in the amount of $480,000, along with prejudgment interest, costs and attorneys' fees, and any other relief deemed appropriate.

### THIRD CLAIM FOR RELIEF
(Claim for Equitable Estoppel)

34. Plaintiffs reallege and reassert all of the prior allegations as if fully set forth herein.

35. Defendant Prudential simultaneously and concurrently served, during all relevant time periods, as: (a) insurer of the Group Policy; (b) insured under the terms of the Group Policy; (c) employer, and then former employer, of Marybeth O'Brien; and (d) medical provider for Marybeth O'Brien through its Employee Assistance Program (EAP).

36. Prudential, when acting as insurer and insured and employer and former employer, represented to Marybeth O'Brien that she had $480,000 in life insurance coverage for her children in the event of her death.

37. Marybeth O'Brien and Plaintiffs relied on those representations.

38. Their reliance was reasonable.

39. Marybeth O'Brien and Plaintiffs relied on those representations to their detriment.

40. Prudential's multiple positions of responsibility and obligation, including simultaneously and concurrently acting as insurer and insured and employer and former employer and medical provider at all relevant times, constitute "extraordinary circumstances" that warrant the application of equitable estoppel.

41. During her treatment through the Prudential EAP for alcohol-related issues from October 2011 through February 2012, Marybeth O'Brien authorized the medical providers in the Prudential EAP to disclose her treatment to third parties and to employees of Prudential, including the manager of Marybeth O'Brien.

42. The medical providers in the Prudential EAP in fact disclosed the nature of the treatment provided to Marybeth O'Brien to third parties and to employees of Prudential, including the manager of Marybeth O'Brien.

43. Prudential, when acting as insurer and insured and employer and former employer and medical provider, was aware of Marybeth O'Brien's disclosed medical issues related to alcohol at all relevant times, including at the time of reinstatement of the life insurance coverage in July 2016.

WHEREFORE, Plaintiffs demand an appropriate award, including payments of all benefits due under the Group Policy, along with prejudgment interest, costs and attorneys' fees, and any other relief deemed appropriate.

## FOURTH CLAIM FOR RELIEF
(Attorneys' Fees and Costs Pursuant to 29 U.S.C. 1132(g))

44. Plaintiffs reallege and reassert all of the prior allegations as if fully set forth herein.

45. Under the express terms of ERISA, 29 U.S.C. 1132(g), the Court is authorized to make an award of reasonable attorneys' fees and costs incurred by Plaintiffs in prosecuting this action.

WHEREFORE, Plaintiffs respectfully request that the Court award reasonable costs and attorneys' fees incurred in prosecuting this action, along with prejudgment interest on Plaintiffs' claims, and any other relief deemed appropriate.

## DESIGNATION OF TRIAL COUNSEL

Please be advised that Kevin N. Starkey, Esq. is hereby designated trial counsel in the above-captioned matter.

Dated: January 22, 2018

Kevin N. Starkey
Starkey, Kelly, Kenneally, Cunningham &
Turnbach
Two Hooper Avenue
Toms River, NJ 08753
Attorneys for Plaintiffs